IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-280-D

| | | |
|---|---|---|
| ALVIN DURAND CLARK, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MAYOR CHARLES MEEKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Alvin Durand Clark, Sr. ("plaintiff") filed this action pursuant to 42 U.S.C. § 1983. At the time he filed his complaint, plaintiff was an inmate in the Gwinnett County Correctional Institution in Lawrenceville, Georgia. However, he was released from incarceration on November 26, 2007. Plaintiff filed two motions for appointment of counsel, a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and a motion for reconsideration.[1] The matter also is before the court on plaintiff's failure to provide the court with the addresses where defendants Mayor Charles Meeker, City Manager Russell Allen, Raleigh Police Department Chief Jane Perlov, Raleigh Police Department Officer T. Halterman, Raleigh Police Department Officer M. F. Schabel, and the City of Raleigh, North Carolina (collectively referred to as "defendants") may be served.

Plaintiff filed two motions for appointment of counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard

---

[1] Plaintiff's motion for reconsideration seeks to compel the court to rule upon his motions for appointment of counsel and his motion to proceed IFP.

v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). This case does not present exceptional circumstances. Therefore, plaintiff's motions for appointment of counsel are denied.

Plaintiff also filed a motion to proceed IFP pursuant to 28 U.S.C. § 1915. As mentioned, plaintiff was incarcerated at the time he filed this action. Accordingly, the Prison Litigation Reform Act ("PLRA") applied. The PLRA altered section 1915 so that a prisoner who brings a civil action or files an appeal IFP is responsible for the entire amount of the normal civil action filing fee of $350.00. See 28 U.S.C. § 1915(b)(1); United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). A prisoner proceeding IFP is not required to pay the entire amount up front. See id. Rather, an initial partial filing fee is assessed, and the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the inmate's prison trust account. See 28 U.S.C. § 1915(b)(1), (b)(2).

Plaintiff was released from incarceration before the court ruled on his motion to proceed IFP. Accordingly, the court must determine plaintiff's IFP status on the basis of whether he is able to "satisfy[] the poverty provisions applicable to non-prisoners." DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003); Page v. Kirby, 314 F. Supp. 2d 619, 621 (N.D. W.Va. 2004). Plaintiff does meet the poverty provisions applicable to non-prisoners. Therefore, the court grants plaintiff leave to proceed without full prepayment of fees. See Page, 314 F. Supp. 2d at 621. Because plaintiff no longer is incarcerated, the prisoner filing fee provisions of section 1915 no longer apply. Id.

Finally, plaintiff failed to provide the court with an address where defendants may be served with the summons and complaint. Therefore, plaintiff is ordered to provide the court with an address for defendants by December 26, 2007.

2

In sum, plaintiff's two motions for appointment of counsel are DENIED. Plaintiff's motion to proceed IFP without the full prepayment of fees is GRANTED. Because the court has ruled on plaintiff's motions for appointment of counsel and his motion to proceed IFP, his motion for reconsideration is DENIED as moot. Finally, plaintiff is DIRECTED to provide the court with the address of the defendants named in this action by December 26, 2007. Failure to provide this information will result in dismissal of the defendants for which plaintiff has not provided an address.

SO ORDERED. This 13 day of December 2007.

JAMES C. DEVER III
United States District Judge